UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE GAMEZ,

                    Petitioner,

vs.                                   Case No.  2:07-cv-330-FtM-29DNF

SECRETARY, DOC,

                    Respondent.

_____

### OPINION AND ORDER

Petitioner Jose Luis Gamez (hereinafter "Gamez" or "Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on May 16, 2007[1] raising nine grounds challenging his judgment of conviction for lewd or lascivious battery (Case No. 02-2761-CFA-FGB), entered in the Twentieth Judicial Circuit Court, in Collier County, Florida.  Petition at 1.  The Respondent filed a Response (Doc. #11, Response) in opposition to the Petition and attached supporting exhibits (Doc. #15, Exhs. 1-17), consisting of the trial transcript and post-conviction pleadings.[2]  Petitioner filed a

_____

[1]The Petition was docketed and filed in this Court on May 21, 2007.  The Court, however, applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing."  Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).  The Petition was timely filed.

[2]Counsel for Respondent states that the complete four-volume record on direct appeal could not be located in the Attorney General's archives.  See Response at 2, n. 1.  Respondent submits the "available" record, consisting of three volumes: Volume 1-
(continued...)

Reply (Doc. #17, Reply) in opposition to the Response, with the exception that Petitioner concedes that Ground Eight of his Petition is refuted by the record and seeks withdrawal of the same. Reply at 18.   The Court has reviewed the record and will grant Petitioner's motion to withdraw Ground Eight.   The remaining grounds in the Petition are ripe for review.

## I. Procedural History

On December 19, 2002, Petitioner was charged by Information with Lewd or Lascivious Battery on a victim 12 years of age or older but less than 16 years of age, in violation of Florida Statute § 800.04(4)(b).  Exh. 17, Vol. 1 at 14.  The case proceeded to a jury trial on September 24-25, 2003.  Exh. 17, Vol. II-III. The jury found Petitioner guilty as charged.  Exh. 17, Vol. I at 40.  Petitioner was sentenced as a prison releasee reoffender to a fifteen-year minimum mandatory prison sentence on November 6, 2003. Exh. 17, Vol. I at 87-88.

Petitioner, through counsel, filed a direct appeal.  Exh. 1. Petitioner raised the following four grounds:

> (1) The State failed to prove that appellant committed the crime charged where the evidence was as susceptible of the conclusion that appellant touched the victim with his hand or fingers with no penetration, as it was that

---

[2](...continued)
documentary record and Volumes 2 and 3- trial transcript, were filed in this Court. The Court finds that the pertinent pleadings necessary to evaluate the claims raised in the Petition are contained in the record before the Court.

appellant had union with the victim's sexual organ with his penis;

(2) The court's jury instructions concerning "penetration by or union with" were incomplete, confusing, and misleading;

(3) The jury instructions as given applied to a violation of Fla. Stat. § 800.04(4)(a), not a violation of Fla. Stat § 800.04(4)(b), with which appellant was charged, and in effect omitted several elements necessary for conviction under the charged statute;

(4) The errors, even though unobjected to, taken singly or together, were sufficient to constitute fundamental error, and require a directed judgment of acquittal or a reduction of the charged offense to simple battery by this court.

Id.  The State filed a brief in response.  Exh. 2.  Petitioner filed a brief in reply.  Exh. 3.  The appellate court heard oral argument on August 4, 2004.  Exh. 5.  The appellate court *per curiam* affirmed Petitioner's judgment and sentence.  Exh. 6.

Petitioner, through counsel, next filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850 ("Rule 3.850 Motion"), Exh. 8, which was dismissed without prejudice for counsel's failure to sign the pleading, Exh. 9.  Counsel for Petitioner then filed an amended (and signed) Rule 3.850 motion, Exh. 10, raising five grounds of ineffective assistance of trial counsel.  In particular, Petitioner argued that trial counsel rendered ineffective assistance by:

(1) failing to move for a judgment of acquittal or reduction of the charge to battery at the close of the State's case-in-chief;

(2) failing to object to the trial court's jury instructions concerning "penetration by or union with," which were incomplete, confusing and misleading;

(3) failing to object to the trial court's jury instructions which defined an offense under Fla. Stat. 800.04(4)(a), but Petitioner was charged with an offense under Fla. Stat. 800.04(4)(b), which instruction omitted several elements necessary for conviction under the charge offense;

(4) eliciting from Petitioner on direct examination that he had been previously convicted of the specific offense of DUI manslaughter, and;

(5) waiving Petitioner's right to raise the foregoing issues in the direct appeal by failing to object to the actions by the court.

Exh. 11. The State filed a response in opposition. Exh. 12. The post-conviction court entered a written order denying Petitioner's amended Rule 3.850 motion. Exh. 13.

Petitioner, through counsel, appealed the adverse ruling, raising two claims of ineffective assistance of counsel when trial counsel did not: (1) move for judgment of acquittal on the ground that the State failed to prove the appellant committed the crime because the victim never testified to penetration; and (2) object to the court's jury instruction concerning "penetration by or union with," which was inaccurate. Exh. 14. The appellate court did not require the State to file an answer brief. The appellate court *per curiam* affirmed the post-conviction court's order. Exh. 15; <u>Gamez v. State</u>, 948 So. 2d 764 (Fla. 2d DCA 2007)(Table).

## II.  Applicable § 2254 Law

The Antiterrorism and Effective Death Penilety Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action.  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).  Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts.  Alston v. Fla. Dep't of Corr., 610 F.3d 1318, 1325 (11th Cir. 2010)(citations omitted).  AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).  The following legal principles apply to this case.

### A.  Only Federal Claims are Cognizable

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state court judgment only on the grounds that the petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States.  28 U.S.C. § 2254(a).  A claimed violation of state law is insufficient to warrant review or relief by a federal court under § 2254.  Pulley v. Harris, 465 U.S. 37, 41 (1984)("A federal court may not issue the writ on the basis of a perceived error of state law."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("Today, we reemphasize that it is not the province of

a federal habeas court to reexamine state-court determinations on state-law questions."); <u>Waddington v. Sarausad</u>, 129 S. Ct. 823, 832 n.5 (2009)(same); <u>Cabberiza v. Moore</u>, 217 F.3d 1329, 1333 (11th Cir. 2000)(§ 2254 not enacted to enforce State-created rights). <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983)(claim involving pure question of state law does not raise issue of constitutional dimension for federal habeas corpus purposes; state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved).

**B.   Federal Claim Must Be Exhausted in State Court**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ."  28 U.S.C. § 2254(b)(1)(A).  This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.  <u>Rhines v. Weber</u>, 544 U.S. 269, 274 (2005).  "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." <u>Mason v. Allen</u>, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing <u>O'Sullivan v. Boerckel</u>,

526 U.S. 838, 845 (1999) and <u>Castile v. Peoples</u>, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. <u>Anderson v. Harless</u>, 459 U.S. 4, 7 (1983).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" <u>McNair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting <u>Kelley v. Sec'y for the Dep't of Corr.</u>, 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, . . . . ." <u>Smith</u>, 256 F.3d at 1138.  A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. <u>House v. Bell</u>, 547 U.S. 518, 536-37 (2006); <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11th

Cir. 2008).  Second, under exceptional circumstances, a petitioner
may obtain federal habeas review of a procedurally defaulted claim,
even without a showing of cause and prejudice, if such review is
necessary to correct a fundamental miscarriage of justice.  House,
547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### C.  Deference to State Court Decision

A federal court must afford a high level of deference to the
state court's decision.  Ferguson v. Culliver, 527 F.3d 1144, 1146
(11th Cir. 2008).  Habeas relief may not be granted with respect to
a claim adjudicated on the merits in state court unless the
adjudication of the claim:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Berghuis v. Thompkins, 130 S. Ct. 2250,
2259 (2010).  A state court's summary rejection of a claim, even
without explanation, qualifies as an adjudication on the merits
which warrants deference.  Blankenship v. Hall, 542 F.3d 1253, 1271
(11th Cir. 2008); Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't
of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).  When the last
state court rendering judgment affirms without explanation, the
Court presumes that it rests on the reasons given in the last

reasoned decision.  Powell v. Allen, 602 F.3d 1263, 1268 n.2 (11th Cir. 2010)(citing Ylst v. Nunnemaker, 501 U.S. 797, 803-05 (1991)).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result.  Brown v. Payton, 544 U.S. 133, 141 (2005); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).  It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000); or, "if the state court either unreasonably

extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Bottoson</u>, 234 F.3d at 531 (quoting <u>Williams</u>, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold. <u>Renico v. Lett</u>, 130 S. Ct. 1855, 1862 (2010)(citing cases). Depending upon the legal principle at issue, there can be a range of reasonable applications. <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Supreme Court has not yet decided whether a petitioner must establish only that a factual finding is unreasonable, or must also rebut the presumption. <u>Wood v. Allen</u>, 130 S. Ct. 841, 848 (2010). In any event, the statutory presumption of correctness "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." <u>Parker v. Head</u>, 244 F.3d 831, 836 (11th Cir. 2001)(citation

omitted).   An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*.  <u>Williams v. Allen</u>, 598 F.3d 778, 788 (11th Cir. 2010); <u>Rolling v. Crosby</u>, 438 F.3d 1296, 1299 (11th Cir.), <u>cert. denied</u>, 542 U.S. 913 (2006).

**D.  Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  <u>Newland v. Hall</u>, 527 F.3d 1162, 1183 (11th Cir. 2008).  The standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  <u>Newland</u>, 527 F.3d at 1184.

In <u>Strickland</u>, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, *i.e.*, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, *i.e.*, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so

serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. ___, 130 S. Ct. 13, 16 (2009).  In short, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010). Thus, a habeas court's review of a claim under the Strickland standard is "doubly deferential." Knowles v. Mirzayanze, ___ U.S. ___, 129 S. Ct. 1411, 1420 (2009)(citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003)).

As to the performance prong, States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted).  Petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir.), cert. denied, Jones v. Allen, 127 S. Ct. 619 (2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466

U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

As to the prejudice prong, "[t]o establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  In assessing prejudice, courts must consider the totality of the evidence before the judge or jury." Thompkins, 130 S. Ct. at 2265 (internal quotation of Strickland, 466 U.S. at 695, omitted).  The Court need not address both components of the Strickland analysis, if the petitioner makes an insufficient showing on one.  See Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

## III. Analysis

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003).

The § 2254 Petition raises the following eight grounds for relief:

(1) The State failed to prove that Petitioner committed the crime charged where the evidence was as susceptible to the conclusion that Petitioner touched the victim with his hand or fingers without penetration;

(2) The trial court's jury instructions concerning "penetration or union with" were incomplete, confusing, and misleading;

(3) The jury instructions as given applied to a violation of Fla. Stat. 800.04(4)(a) (not 800.04(4)(b)), with which Petitioner was charged, and in effect omitted several elements necessary for conviction under the charged statute;

(4) The errors, even though unobjected to, taken singly or together, were sufficient to constitute fundamental error, and require a directed judgment of acquittal or a reduction of the charged offense of simple battery;

(5) Trial counsel was ineffective for failing to move for a judgment of acquittal or reduction of the charge to battery at the close of the State's case;

(6) Trial counsel rendered ineffective assistance for failing to object to the trial court's jury instructions

concerning "penetration by or union with," which were incomplete, confusing, and misleading;

(7) Trial counsel rendered ineffective assistance for failing to object to the trial court's jury instructions which defined an offense under Fla. Stat. 800.04(4)(a), but Petitioner was charged with an offense under Fla. Stat. 800.04(4)(b), which instructions given omitted several necessary elements, and;

(9) Trial counsel rendered ineffective assistance for waiving Petitioner's right to raise the issues set out in grounds five through eight, by failing to object to the actions of the court.

See generally Petition.[3] Some of the aforementioned grounds are related and will be addressed together, rather than sequentially.

**A.  Grounds One, Four (Partial) and Five**

    **(1) Grounds One and Four: Sufficiency of the Evidence**

In Ground One, Petitioner submits that the evidence was insufficient to support his conviction for lewd or lascivious battery. Petition at 5-6. Specifically, Petitioner asserts that the evidence was insufficient to prove that he penetrated the victim's vagina with his penis, and that the evidence was susceptible to the conclusion that he touched the victim with his hand without penetration. Id. at 5. "Because the evidence does not exclude the reasonable hypothesis of innocence that Appellant's hand had union with, but no penetration of, the victim's vagina, the State's evidence was insufficient as a matter of law, . . ."

---

[3]Because Petitioner withdrew the claim set forth at Ground Eight, Ground Eight of the Petition is omitted.

Id. at 6.   A portion of Ground Four asserts this was fundamental error.   Petition at 13.

Respondent submits that Petitioner failed to properly exhaust this claim because he did not rely upon any federal legal principles in his presentation of the issue to the state courts, Response at 12-13, and in any event the claim is without merit.   In Reply, Petitioner submits that he raised the factual averments in support of his claim before the State court on direct appeal, and therefore has properly exhausted this claim to the State court. Reply at 6.

### (a) Exhaustion of Issue

Petitioner raised his sufficiency of the evidence claim on direct appeal in the state courts.   His appellate brief argued that "[t]aking the evidence in a light most favorable to the State, the evidence in the record is inadequate to prove beyond a reasonable doubt that it was the Appellant's penis she felt in her vaginal area."   Exh. 1 at 21.   Petitioner argued that because there was no direct evidence establishing that his penis penetrated the victim, Florida's "circumstantial evidence rule" applied to the case, thereby requiring the State to prove its case beyond a reasonable doubt and by evidence which was inconsistent with any other reasonable hypothesis.   Exh. 1 at 23.   The appellate brief cited two Florida cases, neither of which made any reference to federal law or a federal constitutional claim.   Exh. 1 at 23.   Petitioner

concluded the argument by stating "[b]ecause the evidence does not exclude the reasonable hypothesis of innocence that Appellant's hand had union with, but no penetration of, the victim's vagina, the State's evidence was insufficient as a matter of law, and judgment of acquittal should be entered by this court."  Exh. 1 at 23-24.

It appears that the Supreme Court would consider Petitioner's appellate claim sufficient to have stated a federal claim for purposes of exhaustion.  In Jackson v. Virginia, 443 U.S. 307, 321 (1979), the Court stated:  "Under the Winship decision [In re Winship, 397 U.S. 358 (1970)], it is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim."  Unpublished Eleventh Circuit cases come to differing results.  Mulnix v. Sec'y for Dep't of Corr., 254 Fed. Appx. 763 (11th Cir. 2007)(finding because Florida courts assess the sufficiency of the evidence under the identical legal standard used by federal courts in deciding federal due process challenges to the sufficiency of the evidence, raising issue of sufficiency of evidence solely in terms of state law was sufficient to exhaust); Pearson v. Sec'y Dep't of Corr., 273 Fed. Appx. 847 (11th Cir. 2008)(specific sufficiency issue raised in state court did not alert state court to the presence of federal due process

claim); <u>Cook v. McNeil</u>, 266 Fed. Appx. 843, 845-46 (11th Cir. 2008)(same).  Because Petitioner's argument "[t]aking the evidence in a light most favorable to the State, the evidence in the record is inadequate to prove beyond a reasonable doubt that it was the Appellant's penis she felt in her vaginal area" at least arguably satisfies <u>Jackson</u>, the Court finds that Ground One and the relevant portion of Ground Four have been properly exhausted.

### (b) Merits of Sufficiency of Evidence Claim

In the instant Petition, Petitioner argues that there was no direct evidence of guilt, that the Florida circumstantial evidence rule therefore applied, and that the evidence of his guilt was required to be, but was not, inconsistent with any other reasonable hypothesis of innocence.  <u>See</u> Petition at 5-6.  Under Florida law, where a conviction is "wholly based" on circumstantial evidence, the evidence must be inconsistent with any reasonable hypothesis of innocence.  <u>State v. Law</u>, 559 So. 2d 187, 188 (Fla. 1989); <u>Miller v. State</u>, 770 So. 2d 1144, 1148 (Fla. 2000).  Neither federal law nor the United States Constitution requires such a rule,[4] and the Court may not review purely state law claims in a § 2254 proceeding.  <u>Supra</u>, pp. 5-6.

---

[4]Under federal law, a conviction will be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence, which need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt.  <u>United States v. Emmanuel</u>, 565 F.3d 1324, 1333-34 (11th Cir.), <u>cert. denied</u>, 130 S. Ct. 1032 (2009); <u>Martin v. Alabama</u>, 730 F.2d 721, 724 (11th Cir. 1984).

The proper focus in a § 2254 proceeding for a claim of insufficiency of the evidence was set forth in Jackson v. Virginia: A conviction violates federal due process if, viewed in the light most favorable to the prosecution, the evidence is not sufficient for "any rational trier of fact [to] have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original). See also Green v. Nelson, 595 F.3d 1245, 1253 (11th Cir. 2010). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n.16. Viewing evidence in the light most favorable to the prosecution "means a reviewing court faced with a record of historical facts that supports conflicting interests must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to the resolution." McDaniel v. Brown, ___ U.S. ____, 130 S. Ct. 665, 673 (2010). "'[A] reviewing court must consider all of the evidence admitted by the trial court' regardless whether that evidence was admitted erroneously." Id. at 672.

The statute at issue is Florida Statute § 800.04(4), which provided as follows:

(4)  Lewd or Lascivious Battery. - A person who:

(a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age; or

> (b) Encourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity
>
> commits lewd or lascivious battery, a felony in the second-degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 800.04(4)(2000). Further, "sexual activity" was defined as:

> the oral, anal, or vaginal penetration by, or union with, the sexual organs of another or the anal or vaginal penetration of another by any other object; however, sexual activity does not include an act done for a bona fide medical purpose.

Fla. Stat. § 800.04(1)(a)(2000).

The Information in this case charged that Petitioner, "[o]n or about August 26, 2002, in Collier County, Florida, did unlawfully encourage, force, or entice a person [ ] 12 years of age or older but less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity, by putting his penis inside or in union with her vagina, contrary to Florida Statute 800.04(4)(b)." Exh. 17, Vol. 1 at 14. At trial, the victim testified she was fifteen years old at the time of the conduct by Petitioner, who is her cousin. Exh. 17, Vol. II at 81, 96. On that night, the victim's father told the victim that the Petitioner was going to sleep in her room because the father and the Petitioner had been drinking, and the victim would sleep with her parents. Id. at 89, 97-98. The victim turned on her bedroom light and showed Petitioner where the pillow and

blankets were located; but, when she turned to leave the room, the Petitioner grabbed her arm and told her to come over to him because he wanted to do something. Id. at 89-90, 99. The victim testified that there was a struggle as Petitioner tried to take off the victim's shorts and that she was scared. Id. at 102, 147. The victim testified that she heard the Petitioner's belt jingling and knew he was removing his belt and pants. Id. at 100-101. Petitioner put his hands under her shorts and moved her undergarments and shorts to the side and she said, "no." Id. at 101, 103. She told him to quit and that she was on her period, but he told her, "Don't worry I can work around that." Id. at 101. The victim testified that she was wearing a tampon, but Petitioner pushed it aside. Id. at 150. The victim testified that she felt pain in her vagina and she had never had sexual intercourse before. Id. at 103-104. The victim further testified that she knew it was Petitioner's penis, not his hands, because his hand was on her inner thigh and holding back her shorts. Id. at 148. Petitioner's hand only brushed the victim's vagina as he was pulling her clothing aside. Id. at 150. Petitioner was pushing himself inside her and she told him to stop and that it hurt, but Petitioner would not stop. Id. at 148-49. After the attack the victim testified that she showered and then asked her mother to sleep with her. Id. at 181.

The victim's mother also testified during the trial.  The mother's testimony collaborated her daughter's testimony that the victim showered the evening of the attack and that she asked her mother if she could sleep with her.  Id. at 188, 191, 202.  The victim's mother also testified about how her daughter's attitude toward Petitioner changed after the attack.  Id. at 182-83, 195.  The jury also heard testimony from the victim's neighbor, who the victim first reported the sexual assault to, and from the responding police officer.  See Exh. 17.

Petitioner testified on his own behalf, and denied having physical contact of any kind with the victim.  Based upon its verdict, the jury clearly found the testimony of the victim more credible that the testimony from the Petitioner.

The operative Lewd or Lascivious Battery allegations as they related to disputed facts in this case (no one disputed the victim's age) required the State to prove beyond a reasonable doubt that Petitioner engaged in (1) vaginal penetration of the victim with his penis; or (2) vaginal union (contact) between his penis and victim's sexual organ; or (3) vaginal penetration of the victim with any other object.  See Gilson v. State, 795 So. 2d 105 (Fla. 4th DCA 2001); Richards v. State, 738 So. 2d 415, 417-418 (Fla. 2d DCA 1999).  Petitioner contends that the evidence was insufficient to establish penetration, and cites portions of the trial transcript.  Petition at 6.  These portions of the transcript,

however, are taken out of context.  When read in its entirety, the victim's testimony concerning the incident reasonably supports the jury's finding of guilt beyond a reasonable doubt.  In particular, the evidence adduced at trial reasonably supports that Petitioner penetrated the victim with his penis, his penis had union (contact) with the victim's vagina.  After viewing the evidence in the light most favorable to the prosecution, the Court determines that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Petitioner is denied relief on Ground One and the relevant portion of Ground Four.

Additionally, under federal law if a defendant chooses to testify on his own behalf, any statements he makes, "if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt."  United States v. Williams, 390 F.3d 1319, 1325 (11th Cir. 2004) (quotation omitted).  "Thus, the jury is entitled not only to disbelieve the defendant's testimony but also to conclude the opposite of what he said is true."  Id. at 1325-26.  This provides further support for the sufficiency of the evidence.

### (2) Ground Five: Ineffective Assistance of Counsel

In Ground Five, Petitioner contends that because there was no testimony that Petitioner's penis had union with or penetrated the victim's vagina, trial counsel rendered ineffective assistance by failing to move for a judgment of acquittal or for a reduction of

the charge to battery at the close of the State's case.  Petition
at 15.

Petitioner raised this claim in his amended Rule 3.850 motion.
The post-conviction court cited the _Strickland_ standard and denied
Petitioner relief on this claim, finding as follows:

> In order to state a facially sufficient claim of
> ineffectiveness of counsel based on counsel's failure to
> make a motion for a judgment of acquittal, Defendant must
> "state sufficient facts to show that '[he] may very well
> have prevailed on a more artfully presented motion for
> acquittal based upon the evidence he alleges was
> presented against him at trial. []  However, "counsel
> cannot be deemed to be ineffective for failing to raise
> a motion that would have been futile." []  "Motions for
> judgment of acquittal should only be granted when there
> is no view of the evidence which the jury might take
> favorable to the opposing party that can be sustained
> under the law." []
>
> Defendant's reliance on the "circumstantial evidence
> rule" set out in _State v. Law_, 559 So. 2d 187 (Fla. 1989)
> is misplaced. "'Direct evidence is that to which the
> witness testifies of his own knowledge as to the facts at
> issue.'" [] While Defendant asserts that there was no
> direct evidence in this case, the victim testified that
> she felt his penis in her vagina, which constitutes
> direct evidence. [] Furthermore, it constitutes evidence
> that the jury might take favorable to the State. [] As
> such, Defendant has failed to establish the viability of
> a motion for acquittal.

Exh. 13 at 1-2.  Petitioner appealed the adverse ruling, and was
denied relief without opinion.  Therefore, the Court presumes that
the appellate court's decision rested on the reasons given by the
post-conviction judge.  _Powell_, 602 F.3d at 1268 n.2.

Although an ineffective-assistance-of-counsel claim is a
federal constitutional claim which is considered under _Strickland_,

when "the validity of the claim that [counsel] failed to assert is clearly a question of state law, ... we must defer to the state's construction of its own law."  <u>Will v. Sec'y for Dep't of Corr.</u>, 278 Fed. Appx. 902, 908 (11th Cir. 2008)(citations omitted).  Here, Petitioner asserts ineffective assistance when trial counsel failed to move for a judgment of acquittal at the conclusion of the State's case.  "The purpose of a motion for judgment of acquittal is to test the legal sufficiency of the evidence presented by the [S]tate."  <u>Harris v. State</u>, 954 So. 2d 1260, 1261 (Fla. 5th DCA 2007).  There is "sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt."  <u>Baugh v. State</u>, 961 So. 2d 198, 204 (Fla. 2007).

The State courts found sufficient evidence had been presented by the State to overcome any motion for judgment of acquittal, and thus any such motion would have been futile.  The State courts' factual determinations were not unreasonable determinations based on the evidence presented, even without giving the factual determinations the benefit of the presumption of correctness in § 2254(e).  Additionally, the State court's decisions were not contrary to or an unreasonable application of clearly established federal law.  An attorney is not ineffective for failing to raise or preserve a meritless issue.  <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10

(11th Cir. 1989); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). As such, Petitioner is denied relief on Ground Five.

## B. Grounds Two, Three, and Four (Partial)

In Ground Two, Petitioner argues that the trial court's jury instructions concerning "penetration or union with" were "incomplete, confusing, and misleading." Petition at 8. Petitioner contends that the trial court did not offer a clarifying instruction to inform the jury that penetration had to come from Petitioner's penis. <u>Id.</u> Thus, Petitioner submits that the jury instruction "led jurors to believe that union between [his] hand and the victim's vagina was sufficient for conviction." <u>Id.</u> In Ground Three, Petitioner also challenges the jury instructions on the basis that the instructions omitted "necessary elements" of the offense. <u>Id.</u> at 10-11. A portion of Ground Four argues that these errors in the instrucions were fundamental errors.

Respondent submits that Petitioner does not present these claims in terms of a violation of federal law. Response at 19, 21. Respondent also submits that these grounds are unexhausted, procedurally-barred, and/or should be denied with prejudice on the merits. <u>Id.</u> at 19-22.

**(1) Exhaustion**

Petitioner raised Grounds Two, Three, and this portion of Ground Four on direct appeal, but his appellate brief only cites to Florida law and is devoid of any specific reference to federal law or a federal constitutional claim.  Exh. 1 at 25-28.  The appellate brief does argue, however, that the instructions were "incomplete, confusing, and misleading[,]" Id. at 25; the instructions were based upon a different portion of the Lewd or Lascivious Battery statute than was charged, Id. at 26-28; the instructions constituted fundamental error by "expanding the definition of a crime beyond that which is charged in the information, resulting in conviction of a crime not charged[,]" Id. at 32-33; the court failed "to give a complete or accurate instruction in a criminal case [which] constitutes fundamental error if it relates to an element of the charged offense[,]" Id. at 33; and, the instructions "were misleading and confusing, and may have let the jury convict Appellant . . . of a crime which was not proven.  Furthermore, the instructions were misleading to the point that they did not properly set forth all the necessary elements of the crime charged." Id. at 34.

In determining whether a defendant in a sexual battery case had exhausted his federal claim in state court, the Eleventh Circuit stated:

> To the extent that defendant's constitutional claim is
> based on the failure of the Florida court to follow

Florida law, petitioner presented both the state and federal courts with the identical claim, namely that he had been convicted despite the prosecution's failure to demonstrate each element of the offense. In both forums, the only question is whether all of the elements of sexual battery under Florida law have been demonstrated in this case. Cf. Lanigan v. Maloney, 853 F.2d 40, 44-46 (1st Cir. 1988), cert. denied, 488 U.S. 1007, 109 S. Ct. 788, 102 L.Ed.2d 780 (1989) (objection to reasonable doubt instruction in state court sufficient to exhaust constitutional claim premised on same issue); Hawkins v. West, 706 F.2d 437, 439 (2d Cir. 1983) (same). As a result, we conclude that by contending that the trial court misapplied Florida law and allowed the jury to convict without the necessary showing of criminal intent, petitioner adequately raised and exhausted in state court the federal due process claim he now presents to this Court.

Watson v. Dugger, 945 F.2d 367, 371 (11th Cir. 1991). The Court finds that Petitioner has exhausted his claims regarding the jury instructions.

**(2) Merits:**

Where the claim is merely that a jury instruction was incorrect under state law, federal habeas relief is not available. Estelle v. McGuire, 502 U.S. at 71-72; Jamerson v. Sec'y for Dep't of Corr., 410 F.3d 682, 688 (11th Cir. 2005). When reviewing a state court's jury instruction for an alleged error, the United States Supreme Court has ruled:

An appraisal of the significance of an error in the instructions to a jury requires comparison with the instructions, which were actually given with those that should have been given . . . . . It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court . . . . . The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the result of

> the conviction violates due process',[] not merely
> whether 'the instruction is undesirable, erroneous, or
> even 'universally condemned.'

Henderson v. Kibbe, 431 U.S. 145, 154 (1977)(internal citations

omitted); McGuire, 502 U.S. at 72.  In reviewing an ambiguous jury

instruction, the Court inquires "whether there is a reasonable

likelihood that the jury has applied the challenged instruction in

a way that violates the Constitution." Boyde v. California, 494

U.S. 370, 380 (1990); McGuire, 502 U.S. at 72-73.  Thus, errors in

state jury instructions are federal constitutional issues only

where they render the entire trial fundamentally unfair. Jones v.

Dugger, 888 F.2d 1340, 1343 (11th Cir.1989).  Similarly, "[a]

federal court may find a due process violation if the failure to

give additional requested instructions beyond those necessary for

the offense makes the trial 'fundamentally unfair.'" Watson , 945

F.2d at 371 (citing Johnson v. Dugger, 817 F.2d 726, 729-30 (11th

Cir. 1987)).

The transcript of the trial shows that the trial court

instructed the jury, in relevant part, as follows:

> To prove the crime of lewd or lascivious battery, the
> State must prove the following two elements beyond a
> reasonable doubt.  One, that [victim] was under the age
> of 16 years, and two Jose Louis Gomez engaged in either:
> A. Oral, anal or vaginal penetration of [victim] or B.
> Union of a sexual organ of [victim], or C. Anal or
> vaginal penetration of [victim] with any other object.
> Union means contact.

Exh. 17, Vol. 3 at 301-302.  When the trial court asked counsel if

they agreed that all of the instructions were read, counsel

answered affirmatively and neither counsel voiced any objections. Id. at 308. The Florida appellate court twice found the jury instructions were not defective under Florida law, once on direct appeal and once in connection with the ineffective assistance of counsel claim raised in the Rule 3.850 motion.

Even if the instruction was not accurate under Florida law, despite the decisions of the Florida courts, the record establishes that the entire trial was not rendered fundamentally unfair. First, defense counsel was permitted to make her argument to the jury about the quality and quantity of the evidence that supported the theory of the defense that penetration did not occur.  During her closing argument, counsel suggested that penetration never occurred as evidenced by the ambiguity and inconsistences in the victim's testimony describing how the sexual assault occurred while she remained clothed, on her period with a kotex inside her vagina, and with her parents in a room nearby.  Exh. 17, Vol. 3 at 137-141. Defense counsel further posed questions to the jury regarding the victim's adamant refusal to have a medical examination by Doctor Stubbs.  Id. at 149-150.  Counsel also raised issue with the victim's statement to Doctor Stubbs that she was a virgin before the sexual assault, but she did not know if she was a virgin after the incident.  Id. at 150.  Defense counsel focused on the consistency and straightforward testimony from the defendant.  Id. at 81.

Second, no additional instructions were requested, and there is no indication the jury was confused.  Indeed, after Petitioner testified on his own behalf the issue was not the difference between a hand and a penis, but whether there was any physical contact at all by Petitioner.  The determinative issue was therefore credibility, which the jury obviously resolved against Petitioner.  The Court finds no basis for relief under § 2254 based upon the jury instructions given and the lack of any additional instructions.

## C.  Grounds Six and Seven

In Grounds Six and Seven, Petitioner claims that trial counsel rendered ineffective assistance for failing to object to the trial court's jury instruction concerning "penetration by or union with," which Petitioner submits was incomplete, confusing, and misleading, and omitted requisite elements.  Petition at 18, 20.  Petitioner raised these ineffective assistance of defense counsel claims in his amended Rule 3.850 motion.  Exh. 8.  The post-conviction court denied Petitioner relief on Ground Six, finding:

> With regard to lewd or lascivious battery, Defendant is correct in asserting that the law requires actually [sic] penetration of the victim's sex organ when the Defendant's hand is involved, mere union is insufficient. Richards v. State, 738 So. 2d 415 (Fla. 2d DCA 1999).

> The jury instruction given on lewd or lascivious battery at the Defendant's trial was as follows: []

> This jury instruction does not follow the Model Jury Instruction for lewd and lascivious battery with regard to the second element, which provides: "Defendant

committed an act [upon][with] victim in which the sexual
organ of the [defendant][victim] penetrated or had union
with the [anus][vagina][mouth] of [victim][defendant] or
committed an act upon victim in which the [anus][vagina]
of victim was penetrated by an object."

Defendant asserts that the victim's "testimony created a
very real issue whether it was [Defendant's] penis or his
hand and fingers that touched the victim's vagina.
However, the record contradicts the Defendant's
assertion.  When the victim's testimony is read in its
entirety, it is clear that the victim testified that
Defendant's penis caused the pain she felt in her vagina.
What the victim was unsure of was whether Defendant's
penis penetrated her vagina or only made union with it.
[] As Defendant can be convicted of lewd and lascivious
battery if his penis either penetrated or had union with
the victim's vagina, Defendant has failed to demonstrate
how counsel's failure to object to the jury instructions
prejudiced him.

Exh. 13 at 2-3.  With regard to Ground Seven, the post-conviction

court found:

Fla. Stat. 800.04(4)(a) provides that a person who
"engages in sexual activity with a person 12 years of age
or older but less than 16 years of age" commits lewd and
lascivious battery.  Fla. Stat. 800.04(4)(b) provides
that a person who "encourages, forces, or entices any
person less than 16 years of age to engage in
sadomasochistic abuse, sexual bestiality, prostitution,
or any other act involving sexual activity" commits lewd
or lascivious battery.  The statute defines sexual
activity as "oral, anal, or vaginal penetration by, or
union with, the sexual organ of another or the anal or
vaginal penetration of another by another other object;
however, sexual activity does not include an act done for
a bona fide medical purpose."  Fla. Stat.
800.04(4)(a)(2002).  Defendant was charged with
committing lewd and lascivious battery by violation Fla.
Stat. 800.04(4)(b). []

Fla. Stat. 800.04(4)(b) is an offense that can be
committed various ways. The instruction given by the
trial court instructed the "sexual activity" method of
committing lewd or lascivious battery.  The evidence
presented at trial was that Defendant forced the victim

> to engage in "sexual activity." [] Therefore, Defendant has failed to demonstrate how he was prejudiced by counsel's failure to object to an instruction that omitted sadomasochistic abuse, sexual bestiality, and prostitution, when no facts were presented regarding those methods of violating Fla. Stat. 800.04(4)(b). Therefore, the Defendant has failed to demonstrate that counsel was ineffective within the meaning of <u>Strickland</u>.

Exh. 13 at 3-4.

The Court finds that the State courts' factual determinations were not an unreasonable determination based on the evidence presented, even without giving the facts the benefit of the § 2254(e) presumption.  The State courts' decisions were also not contrary to or an unreasonable application of clearly established federal law.  The State court recognized that <u>Strickland</u> applied to this issue and reasonably applied this standard to the facts of this case.  The State court, reviewing the trial transcript, found that the victim's testimony established either penile penetration or penile union with her vagina.  The State court correctly found that Petitioner could be convicted of lewd and lascivious battery if his penis either penetrated or had union with the victim's vagina.  For this reason, the post-conviction court determined that Petitioner did not establish a <u>Strickland</u> violation.  Even if defense counsel's failure to object to the "union" portion of the jury instruction amounted to deficient performance, the Court finds that Petitioner cannot established prejudice.  Once the jury made its credibility determination, the overwhelming evidence adduced at

trial established Petitioner's guilt.  Petitioner is denied relief on Grounds Six and Seven.

**D.   Ground Nine**

Petitioner argues that trial counsel rendered ineffective assistance for failing to object and preserve for appellate review the issues presented in Grounds Five, Six, and Seven of the Petition *sub judice* (raised as grounds one through three in his amended Rule 3.850 motion).   Petition at 25.   In Response, Respondent submits that the Court should deny Petitioner relief on this claim because the State courts' rulings did not violate <u>Strickland</u>.  Response at 31.

Petitioner raised this claim in his amended Rule 3.850 motion. Exh. 8 at 29.  The post-conviction court denied Petitioner relief on this claim, finding:

> As Defendant has failed to demonstrate that trial counsel was ineffective with regard to Grounds I-III, Defendant has failed to demonstrate that trial counsel was ineffective for failing to preserving [sic] those issues for appellate review.

Exh. 13 at 4-5.

Reviewing the issue *de novo*, the Court finds no ineffective assistance of counsel.   As discussed above, even if the jury instructions regarding penetration and union were flawed, Petitioner was not prejudiced because the evidence of record amply supported the conviction and the issue was the credibility of the victim as compared to Petitioner.  Petitioner has not demonstrated

that the State courts' decisions were contrary to or an unreasonable application of clearly established federal law. Thus, Petitioner is denied relief on Ground Nine.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Petitioner's motion to withdraw Ground Eight, contained within his Reply in opposition to the Response (Doc. #17), is granted, and Ground Eight is **dismissed with prejudice**.

2.   The Petition is **denied** as to all other grounds for the reasons set forth herein.

3.   The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability (COA).   Id.   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); Medellin v. Dretke, 544 U.S. 660, 666 (2005).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).   "The petitioner's arguments ultimately must be assessed under the deferential standard required by 28 U.S.C. § 2254(d)(1): Relief may not be granted unless the state court adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Tennard</u>, 542 U.S. at 282.   A district court must issue or deny a certificate of appealability when it enters a final order adverse to petitioner.   Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

The Court finds that none of the issues raised by Petitioner satisfy the requisite showing in this case.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___27th___ day of September, 2010.

**JOHN E. STEELE**
**United States District Judge**

SA: alj
Copies: All Parties of Record